UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF VIRGINIA, CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Christopher Cantwell ) | |
| Plaintiff/Counter Defendant ) | |
| ) | |
| v. ) | Case No. 3:17-CV-00089 (NKM/JCH) |
| ) | |
| Emily Gorcenski, ) | |
| Kristopher Goad, ) | |
| Defendants/Counter Claimants ) | |

**OPPOSITION OF DEFENDANTS EMILY GORCENSKI AND KRISTOPHER GOAD
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendants Emily Gorcenski and Kristopher Goad (collectively "Defendants") hereby submit, by counsel, this Opposition to Plaintiff Christopher Cantwell's ("Plaintiff") Motion for Partial Summary Judgment against Defendant Goad on Plaintiff's malicious prosecution claim. (the "Summary Judgment Motion", ECF Nos. 32, 33). The Summary Judgment Motion represents the latest in a series of frivolous and harassing filings made by Plaintiff in this case. It is not even remotely grounded in law or fact, and was not filed in any semblance of good faith. The Summary Judgment Motion is also wholly procedurally improper, as it has been filed while Plaintiff's Motion for Leave to Amend the Complaint is still pending before the Court. Because the pleadings are not yet even closed, neither party has had the opportunity to conduct any discovery in this case. As such, and for the reasons set forth more fully below, Defendants respectfully request that the Court deny the Summary Judgment Motion, award Defendants their reasonable attorneys' fees expended in responding thereto pursuant to FRCP Rule 56(h), and issue an order prohibiting

Plaintiff from filing any further motions for partial summary judgment in this case until the Court has ruled on Plaintiff's Motion for Leave to Amend the Complaint and the pleadings are closed.

As noted in Defendants' other filings, it is important for the Court to bear in mind that this civil case is inextricably linked to the pending state felony charges against Plaintiff for Illegal Use of Gas on August 11, 2017, for which he is currently awaiting trial in the Circuit Court for Albemarle County. Both Defendants have testified as witnesses for the Commonwealth in the pre-trial criminal proceedings, and both have been subpoenaed to testify at the criminal trial. On information and belief, Defendants are the only two witnesses for the Commonwealth who have come forward to testify against Plaintiff. Because the criminal case is *still ongoing*, the malicious prosecution claim on which Plaintiff now seeks summary judgment is not only patently insufficient as a matter of law; it is also, at the very least, a blatant effort to increase the inconvenience and psychic toll of appearing as witnesses in the criminal case, if not outright witness intimidation and harassment. Thus, Defendants contend that all filings in this case, from the initial Complaint to the immediate Summary Judgment Motion, have been made in violation of FRCP Rule 11.

## PROCEDURAL HISTORY

On December 28, 2017, Plaintiff, appearing through counsel Mr. Woodard — who also represents Plaintiff in the ongoing criminal case that forms the basis of this action — filed a Complaint against Ms. Gorcenski and Mr. Goad (ECF No. 1). Defendants filed an Answer to the Complaint and Counterclaims pursuant to Rule 13(a) on February 12, 2018 (ECF No. 9), and filed amended Counterclaims pursuant to Rule 15(a)(1) on March 20, 208 (ECF Nos. 25, 26). On March 19, 2018, Plaintiff filed a Motion for Leave to Amend the Complaint and a Proposed Amended Complaint, which contained new and entirely frivolous allegations and claims against Defendants (ECF Nos. 22, 23, 27). Defendants filed their Opposition to the Motion for Leave to Amend on

April 23, 2018 (ECF Nos. 34, 35).  The Motion for Leave to Amend is still pending before the Court.  Nevertheless, on April 20, 2018, Plaintiff filed the immediate Motion for Partial Summary Judgment against Defendant Goad.  Counsel for Defendants immediately notified Plaintiff's counsel, by email, that the motion was improper on a number of grounds, including that the pleadings had not yet closed and that neither party had yet had the opportunity to conduct discovery, and requested that the motion be withdrawn.  Defense counsel received no response to this email.

## LEGAL STANDARD

The legal standard for review of a motion for summary judgment under FRCP Rule 56(c) is well-settled:

> A moving party is entitled to summary judgment "if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law."  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party.

*Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).  Further, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505 (1986)).

## ARGUMENT

**I.** ***The Motion for Summary Judgment is Not Proper While Plaintiff's Motion for Leave to Amend the Complaint is Pending, When the Pleadings Have Not Yet Closed, and When Defendants Have Had No Opportunity to Conduct Discovery.***

As a threshold matter, Plaintiff's Summary Judgment Motion is procedurally inappropriate, because it has been filed while his Motion for Leave to Amend the Complaint is still pending.

Because of the pendency of the Motion for Leave to Amend and the confusing, nearly illegible nature of Plaintiff's filings and arguments in this case, Counsel for Defendants are altogether unclear as to whether the Summary Judgment Motion is based on the original Complaint or the proposed Amended Complaint. For this reason alone, the Court should deny the Summary Judgment Motion.

Furthermore, neither side has had any opportunity to conduct any discovery in this case. This is so despite the parties' stated agreement during a March 5, 2018 scheduling conference held before Judge Hoppe that, if this case were to proceed past the pleadings stage, it would likely require extensive discovery, including a number of depositions. *See* ECF No. 21. At the scheduling conference, both parties agreed to meet and confer further regarding discovery; Plaintiff has made no effort to meet and confer as of the date of this filing[1]. Defendants have not yet had the opportunity to conduct discovery in this case because, *inter alia*, Plaintiff's Motion for Leave to Amend and Motion to Dismiss Defendants' Counterclaims are both still pending before the Court. Each of these motions (in addition to the immediate Summary Judgment Motion) is frivolous, and has demanded the time and attention of Defendants' increasingly beleaguered and incredulous attorneys. In addition, Defendants contend that proceeding with their discovery requests would not have been practical, proper, or efficient during the pendency of these motions, as the pleadings are not yet final. *See* Rule 56(d) Declaration of Pamela Starsia, Esq., attached hereto as **Exhibit A** ("Starsia Rule 56(d) Dec."), ¶¶ 3 - 4.

Moreover, as Defendants have represented in their Opposition to Plaintiff's Motion for Leave to Amend, as soon as the pleadings in this case are closed, Defendants intend to move for

---

[1] Due to Plaintiff's avowed hostility to Defendants, and opposing counsel's tactics of alternating incivility, frivolous filings, and non-response, defense counsel has been reluctant to attempt further communication in the absence of some guidance from this Court. Nevertheless, counsel for Defendants stands ready to hold reasonable conferences with Mr. Woodard for purposes of scheduling and potential resolution.

judgment on the pleadings with respect to all of Plaintiff's claims (including the malicious prosecution claim for which he now seeks summary judgment) pursuant to FRCP Rule 12(c). *See* Defendants' Opposition to Motion for Leave to Amend, p. 4, fn. 2, & pp. 10 – 12. In that filing, Defendants briefly set forth the legal basis for their stated position that Plaintiff's malicious prosecution claim is frivolous, harassing, and made in bad faith in an effort to enlist this Court in a campaign of witness harassment and intimidation. Defendants restate and reincorporate each of the arguments set forth in their Opposition to the Motion for Leave to Amend as if fully set forth herein, and reserve the right to argue this position more fully in their Rule 12(c) motion. For the reasons set forth in those arguments, Defendants contend that not only should the Court deny Plaintiff's Summary Judgment Motion on the malicious prosecution claim, but that the Court would be wholly within its authority to dismiss all of Plaintiff's claims *sua sponte* as frivolous on their face, and to impose sanctions under Rule 11.

Defendants contend that they have demonstrated, even in the abbreviated arguments submitted thus far, that they are likely to succeed on their Rule 12(c) motion with respect to all of Plaintiff's claims, including the malicious prosecution claim against Mr. Goad. If, for some reason, the malicious prosecution claim is nonetheless permitted to proceed past the Rule 12(c) stage, Defendants represent, pursuant to Rule 56(d), that additional discovery would then be essential to support their opposition to the Summary Judgment Motion. *See* Starsia Rule 56(d) Dec. ¶¶ 3 – 4, and 6.

Based on the foregoing, the Court should deny Plaintiff's Summary Judgment Motion as improper, because Plaintiff's Motion for Leave to Amend is still pending, the pleadings have not closed, and there has been no opportunity for discovery on the issues material to the claim. Therefore, the fundamental condition underlying a motion for Summary Judgment – that all facts

material to the controversy are undisputed – is categorically unsatisfied.  In the alternative, if the Court does not see fit to deny Plaintiff's Summary Judgment Motion on substantive grounds at this stage, Defendants request that the Court deny or defer consideration of the Summary Judgment Motion pursuant to Rule 56(d) until Defendants have had the opportunity to file their Rule 12(c) motion on Plaintiff's claims at the close of the pleadings, and/or until Defendants have had sufficient time and opportunity after the close of the pleadings to conduct discovery.

## II.  *On the Merits, Plaintiff is Not Entitled to Partial Summary Judgment, and Defendants are Entitled to Dismissal of All Plaintiff's Claims*.

As a threshold matter, Plaintiff's malicious prosecution claim is without merit as a matter of law, because the criminal case against him is *still pending*.  Plaintiff has preposterously asserted that his civil claims in this case are not related to his *pending* criminal charges for "Illegal" Use of Gas, but that this case somehow only relates to the enhanced "Malicious" Use of Gas charges that were initially issued against him by the Albemarle County Magistrate for the same deployment of gas, and which were subsequently dismissed.  This argument is thoroughly devoid of any legal foundation or basis in fact, and in and of itself evidences the extreme bad faith motivating these civil proceedings.  Plaintiff—who is represented by counsel—knows full well that in reporting Plaintiff's conduct of deploying pepper spray to police, and later to the Albemarle County Magistrate, Defendants had no control over or input into whether the charges brought against Plaintiff in his criminal case were for "Malicious" or "Unlawful" use of gas, or indeed for any particular charges whatsoever.  As Plaintiff's counsel well knows, charging decisions lie in the sole discretion of the Magistrate issuing the warrant, and the decision whether or not to prosecute each charge lies within the sole discretion of the Commonwealth's Attorney.  Even conceding for the sake of argument that Plaintiff was initially "over-charged" in his criminal case when the

Magistrate and the Commonwealth's Attorney enhanced the charges to "malicious" use of gas, the assertion that *Defendants* would somehow bear responsibility for any such over-charging is wholly nonsensical. The one fact that must be undisputed in the context of this proceeding is that the charges faced by Mr. Cantwell remain unresolved, and have not been terminated in a manner that would justify a suit for malicious prosecution, against these or any other defendants. The Summary Judgment Motion should be denied on this ground alone.

Even if the Court were, for some reason, to overlook the fatal flaw that the proceedings against Plaintiff are still ongoing, the Summary Judgment Motion should be denied, and summary judgment should in fact be entered in favor of Defendants, because Plaintiff will *never* be able to demonstrate that Defendants lacked probable cause to file the criminal complaint against him for use of pepper spray. As Defendants have previously noted, Plaintiff cannot succeed on his malicious prosecution claim without demonstrating that Defendants lacked probable cause to file their police reports or cooperate in the criminal proceedings against him. Under Virginia law, a claim for malicious prosecution can never be maintained where, as a matter of law, probable cause existed for the criminal charges in question. The Virginia Supreme Court has held:

> In an action for malicious prosecution, the plaintiff has the burden of proving four essential elements: that the prosecution was (1) malicious, (2) instituted by or with the cooperation of the defendant, *(3) without probable cause*, and (4) terminated in a manner not unfavorable to the plaintiff.
>
> …
>
> *Malice may be inferred from a lack of probable cause, but a lack of probable cause may not be inferred from malice. Bill Edwards Oldsmobile, Inc. v. Carey*, 219 Va. 90, 100, 244 S.E.2d 767, 773 (1978). Accordingly, it is appropriate to begin by considering whether the evidence was sufficient to support a finding of probable cause. In this context, we have defined probable cause as "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Commissary Concepts Mgmt. Corp. v. Mziguir*, 267 Va. 586, 589–90, 594 S.E.2d 915, 917 (2004). Whether probable cause existed is determined as of the

time when the action complained of was taken. *Id.* at 590, 594 S.E.2d at 917. [emphasis added].

*Reilly v. Shepherd,* 273 Va. 728, 733, 643 S.E.2d 216, 219 (2007).  Where "the facts relating to probable cause are not in dispute", the issue of factual sufficiency to establish probable cause is a question of law for the Court to decide.  *See id.*  Here, the facts giving rise to probable cause in the criminal proceeding against Plaintiff are not in dispute.  Plaintiff has *admitted on numerous occasions*—including in the Summary Judgment Motion and his accompanying declaration—to the deployment of pepper spray in a crowded public area where Defendants were among those present, and has further admitted to spraying at least two individuals directly in the face with said pepper spray.  The Albemarle County Magistrate, Sgt. Acord of the UVA Police Department, the Commonwealth's Attorney for Albemarle County, and Hon. Judge Higgins of the Albemarle County Circuit Court have all independently determined that probable cause existed to arrest, charge, and try Plaintiff for Illegal Use of Gas.  No matter how many pages Plaintiff devotes to transcribing his interpretation of the video from August 11, or to insisting that he was acting in self-defense, where the pepper spray deployment itself is not in dispute, it is patently absurd and contrary to settled law for him to argue that Defendant Goad did not have probable cause to make his complaint against Plaintiff in the aftermath of August 11.  The Summary Judgment Motion can be denied on this basis alone.

Further, Plaintiff's Summary Judgment Motion should also be denied because based solely on the evidence submitted so far, without any additional evidence being proffered by Defendants, a reasonable jury certainly could (and certainly would) find for Defendant Goad on Plaintiff's malicious prosecution claim.  Rather than sustaining his burden to demonstrate that no disputed questions of material fact exist with respect to this claim, the Summary Judgment Motion merely

reiterates Plaintiff's initial interpretations of the video evidence from August 11, and restates his claim that he was acting in self-defense. If the malicious prosecution claim were ever to make it to a jury based just on the evidence proffered by Plaintiff, a reasonable jury would almost certainly find in favor of Defendant Goad on this claim, based on, *inter alia,* the facts that:

1) Plaintiff admits to deploying pepper spray twice in a crowded area where Defendant Goad was present; photo and video evidence[2] show that Defendant Goad was, in fact, extremely close to Plaintiff when Plaintiff deployed the pepper spray; and Plaintiff is *currently* facing multiple felony charges for this conduct. *See*, *e.g.,* Declaration of Christopher Cantwell dated April 14, 2018[3], ¶¶ 12, 15; Original Complaint, ECF Document No. 4-13 (photograph from the Indy Star, reattached hereto as **Exhibit B** for convenience). The Albemarle County Magistrate, Sgt. Acord of the UVA Police Department, the Commonwealth's Attorney for Albemarle County, and Hon. Judge Higgins of the Albemarle County Circuit Court have each independently determined that probable cause existed to arrest, charge, and try Plaintiff for Illegal Use of Gas. Each of these flatly contradicts Plaintiff's allegation that Defendant Goad lacked probable cause to file the criminal complaint against him for use of pepper spray, and seriously undermines Plaintiff's overall credibility.

---

[2] Defendants find the video submitted by Plaintiff from August 11 to be entirely unusable, because it is inexplicably chopped up into approximately 40 different short video clips, with some clips being as short as one second, rather than submitting complete, unedited video clips, presumably for the purpose of presenting the video in the light Plaintiff perceives to be most favorable to himself. The Unicorn Riot video to which Plaintiff refers in the Summary Judgment Motion is available here: https://www.youtube.com/watch?v=DkY7KlQ5CHI . This video shows Plaintiff pepper spraying a person and Defendant Goad reacting to the overspray from that deployment at ~00:23 – 00:26 seconds. A mere four seconds later, at ~ 00:30 seconds, the video shows Defendant Goad being pepper sprayed again by "Dragonarm". The Guardian/Getty video to which Plaintiff refers is available here: https://www.theguardian.com/world/video/2017/aug/12/far-right-crowd-marches-on-university-of-virginia-campus-video .

[3] The Declaration of Christopher Cantwell dated April 14, 2018, appears to be missing a page, as ¶¶ 8 – 11 are missing. Defendants request that Plaintiff produce this missing page, and request that he adhere in future filings to the customary practice of including page numbers on documents filed with the Court, so that it is clear in situations such as this whether the issue is a missing page or misnumbered paragraphs.

2) The video shows that Plaintiff and several hundred other torch-wielding white supremacists outnumbered Defendant Goad and the peaceful anti-racist protestors at roughly 300 white supremacists compared to only 40 anti-racist protesters, thus contradicting Plaintiff's self-defense claim and seriously undermining his overall credibility.

3) The video shows Plaintiff and several hundred other torch-wielding white supremacists initiating numerous unprovoked acts of violence against the peaceful anti-racist protestors, including Mr. Goad, thus contradicting Plaintiff's self-defense claim and seriously undermining his overall credibility.

4) Plaintiff acknowledges that on the night of August 11, before Defendant Goad had ever learned Plaintiff's name or identity, "Goad gave an accurate description of Cantwell as his sprayer to Officer Thompson as set forth in Exhibit GPSJ H". This wholly contradicts Plaintiff's allegation that Goad somehow targeted him maliciously for the criminal complaint, and seriously undermines Plaintiff's overall credibility. *See* Summary Judgment Motion p. 24 and Exhibit GPSJ H.

5) The video evidence, and every other piece of evidence proffered by Plaintiff, shows that the events of August 11 were chaotic, violent, and terrifying for Defendant Goad and the other anti-racist counter-protesters in attendance, and that Defendant Goad was the victim of numerous acts of violence that night, including multiple direct or indirect pepper spray deployments, at least one of which was admittedly the act of Plaintiff. Despite Plaintiff's repeated and insistent conclusions that Defendant Goad made false statements to the police and to the Magistrate, he has not actually alleged any facts or produced any purported evidence that, even if proven to be true, would establish anything more than mere errors in minor detail over the course of trying to piece together the details of a chaotic, violent, and terrifying series of events in cooperation with the

criminal case against Plaintiff. Such minor errors in recollection are to be expected under the best of circumstances, but are certainly foreseeable under the circumstances evidenced on the video from August 11. In this context, Plaintiff's attempts to contort minor errors in recollection of immaterial facts into something more sinister flatly contradict his claim that Defendant Goad made any *material* misstatements of fact, and seriously undermine Plaintiff's overall credibility.

6) In particular, Plaintiff's filings contain an inexplicable fixation on whether, at the preliminary hearing, Defendant Goad was able to precisely recollect the exact moment in the evening where he removed his glasses from his face after having been pepper sprayed and variously assaulted by members of a torch-wielding mob, without any proffer whatsoever as to why this would even be relevant to Plaintiff's claims. This bizarre fixation on an immaterial detail contradicts Plaintiff's claim that Defendant Goad made any *material* misstatements of fact, and seriously undermines Plaintiff's overall credibility.

7) Similarly, Plaintiff inexplicably seems to argue that because Defendant Goad was at one point pepper sprayed by "Dragonarm",[4] he was not *also* pepper sprayed by Plaintiff. This argument is flatly contradicted by the video evidence, which shows Defendant Goad reacting to Plaintiff's pepper spray, by turning his head away from the spray, moving his hand to his eyes and then yelling "that man has mace!" while pointing at Plaintiff. *See* Unicorn Riot video, at appx.

---

[4] In their Answer, Defendants referred to "Dragonarm" as "Wil Atteberry", which was the name he used on Facebook. Since then, due to Plaintiff's repeated insistence that he is a key witness in this case, Defendants have worked diligently to identify "Dragonarm". On information and belief, Defendants now believe the legal name of this person to be Wil Zachary Smith. Bizarrely, on p. 20 of the Summary Judgment Motion, Plaintiff appears to imply that unless Defendants have personally informed Plaintiff about any potential pending criminal investigation into Smith, then the pursuit of charges against Plaintiff is somehow evidence of malicious prosecution with respect to Plaintiff's separate pepper spray incident. Defendants cannot even begin to track Plaintiff's logic on this. However, to the extent it could ever be considered relevant, Defendants represent that they have, indeed, previously provided the identification of Smith to the appropriate authorities and are cooperating in that criminal investigation as requested. *See* Starsia Rule 56(d) Dec., ¶ 8.

00:22 - 00:26 seconds. Approximately four seconds later, at appx. 00:30 in the video, Defendant is sprayed again by "Dragonarm". On Plaintiff's counsel's own cross-examination of Defendant Goad at the preliminary hearing, he acknowledged that Goad had been subject to at least "four pepper spray incidents". *See* Summary Judgment Motion, p. 20. The fact that Defendant Goad was *also* sprayed by "Dragonarm" does not somehow negate the fact that he was first pepper sprayed by Plaintiff, even if he was not Plaintiff's intended target. No matter how many misleading statements Plaintiff makes in his filings, the video evidence contradicts his claim that Defendant Goad lacked probable cause to file the criminal complaint against him for use of the pepper spray, and his misleading assertions seriously undermine Plaintiff's overall credibility.

In light of each of the above, Plaintiff's argument that he is entitled to summary judgment on the malicious prosecution claim is absurd. Based solely on the evidence proffered so far in this case by Plaintiff, at a minimum, a reasonable jury could (and almost certainly would), find in favor of Defendant Goad on the malicious prosecution claim. As such, the Court should deny Plaintiff's Summary Judgment Motion on the merits, and in fact should enter summary judgment for Defendants on this claim.

### III. *Plaintiff's Summary Judgment Motion is so Entirely Devoid of Reasonable Basis in Fact or Law That it Merits Sanctions Attorneys' Fees Pursuant to Rule 56(h).*

For the reasons stated above, not only should Plaintiff's Summary Judgment Motion be denied, but the Court also should find that it is so thoroughly devoid of basis in fact or law that it has been filed in violation of FRCP Rule 11. In addition, the Court should find that Plaintiff's Declaration dated April 14, 2018 was submitted in bad faith and/or solely for delay, in violation of FRCP Rule 56(h). In their Opposition to Plaintiff's Motion for Leave to Amend the Complaint, Defendants have previously set forth their argument that this entire action is filed in bad faith for

the sole improper purpose of harassing and intimidating Defendants because of their role as witnesses in the criminal case. On the day the Summary Judgment Motion was filed, counsel for Defendants advised Plaintiff's counsel that the motion was improper, and requested that the motion be withdrawn before they incurred the expense of responding to it. *See* Starsia Rule 56(d) Dec., ¶ 7 and **Exhibit 1**. Defendants received no response to this email.

As such, Defendants request that the Court exercise its discretion to award them their reasonable attorneys' fees in connection with preparing this response to the Summary Judgment Motion pursuant Rule 56(h), and to impose additional sanctions pursuant as the Court deems necessary to deter future violations. Defendants are also in the process of preparing a separate motion for sanctions related to the Summary Judgment Motion and other improper conduct in this litigation, to be served on Plaintiff's counsel pursuant to Rule 11(c)(2). However, in light of the egregious nature of the Rule 11 violations in this case, and the vital public policy interest of not allowing Plaintiff to continue his abuse of this Court's process to harass and intimidate the witnesses in his ongoing criminal case, Defendants contend that the Court may wish to consider exercising its discretion to initiate more expeditious sanctions proceedings against Plaintiff and his counsel on the Court's own initiative pursuant to Rule 11(c)(3).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court: 1) deny Plaintiff's Motion for Partial Summary Judgment in its entirety; 2) award Defendants their reasonable attorneys' fees in responding too such motion pursuant to Rule 56(h); 3) impose additional sanctions pursuant to Rule 56(h) as necessary to deter future bad faith filings; 4) issue an order prohibiting Plaintiff from filing any further motions for partial summary judgment in this

case until the Court has ruled on Plaintiff's Motion for Leave to Amend the Complaint; and 5) grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of May, 2018.

        EMILY GORCENSKI
        KRISTOPHER GOAD
        By Counsel

        /s/ *Sandra Freeman*
        Sandra C. Freeman, Esq.
        Virginia State Bar No. 78499
        5023 W. 120th Avenue, #280
        Broomfield, Colorado 80020
        sandra.c.freeman@protonmail.com
        720-593-9004

        /s/ *Pamela Starsia*
        Pamela Starsia, Esq.
        Virginia State Bar No. 88657
        3006 Maplelawn Circle
        Austin, Texas 78723
        pamstarsia@starsialaw.com
        518-441-2695

        /s/ *Moira Meltzer-Cohen*
        Moira Meltzer-Cohen, Esq.
        Admitted Pro Hac Vice
        277 Broadway, Suite 1501
        New York, New York 10007
        meltzercohen@gmail.com
        718-450-3035

        *Counsel for Defendants Emily Gorcenski and Kristopher Goad*

## CERTIFICATE OF SERVICE

I, Pamela Starsia, hereby certify that on May 4, 2018, I electronically filed the foregoing Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and the supporting Declaration of Pamela Starsia, with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that counsel for all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 4, 2018.

/s/ *Pamela Starsia*
Pamela Starsia