# Exhibit A

**to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment: Rule 56(d) Declaration of Pamela Starsia, Esq.**

# UNITED STATES DISTRICT COURT
# for the
# WESTERN DISTRICT OF VIRGINIA, CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| Plaintiff/Counter Defendant ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:17-CV-00089 (NKM/JCH) |
| ) | |
| Emily Gorcenski, ) | |
| Kristopher Goad, ) | |
| Defendants/Counter Claimants ) | |

### RULE 56(d) DECLARATION OF PAMELA STARISA, ESQ. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

STATE OF TEXAS      )
TRAVIS COUNTY      ) ss:

I, **Pamela R. Starsia, Esq.**, verify, declare, and say:

    **1.**    I am an attorney duly admitted to practice in the U.S. District Court for the Western District of Virginia, and am counsel to Defendants Emily Gorcenski and Kristopher Goad ("Defendants") in the above-captioned case. As such, I am personally familiar with the proceedings in this case. I make the statements herein based on personal knowledge of the facts and circumstances described, to the best of my ability based on the information currently available to me, and based on my personal familiarity with the documents attached hereto as Exhibits.

    **2.**    I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment Against Defendant Goad on Plaintiff's malicious prosecution claim (ECF Nos. 32, 33).

    **3.**    Defendants have not yet had the opportunity to conduct any discovery in this case, and have not received any requests for discovery from Plaintiff.

1

4. Defendants have not yet made discovery requests to Plaintiff because Plaintiff's Motion for Leave to Amend the Complaint (ECF No. is still pending before the Court (ECF Nos. 22, 23, 27). Defendants have opposed this Motion (ECF Nos. 34, 35). Plaintiff's Motion to Dismiss Defendants' Amended (First) Counterclaims is also still pending before this Court (ECF Nos. 30, 31). Defendants have opposed this motion (ECF No. 36). Because these two motions are still pending, the pleadings have not yet closed in this case, and Defendants have not yet had the opportunity to initiate any discovery requests.

5. At the close of the pleadings in this case, Defendants intend to file a Motion for Judgment on the Pleadings with respect to all of Plaintiff's claims against them pursuant to Rule 12(c). I believe Defendants have already demonstrated a high likelihood of success on this motion. If Defendants do succeed on this motion, Plaintiff's claims against them can be resolved in favor of Defendants without discovery.

6. If Defendants do not succeed on their Rule 12(c) motion, I anticipate that discovery will be necessary to fully oppose Plaintiff's summary judgment motion (either the immediate motion or any future summary judgment motions he makes on the claims asserted in this case). At a minimum, I anticipate that all or most of the following discovery would be necessary:

    a. To take depositions from:

        i. Plaintiff;

        ii. University of Virginia Police Sergeant Casey Acord (whose transcribed case report Plaintiff has submitted as Exhibit GPSJ C to the Motion for Summary Judgment, and who authorized the warrants for Plaintiff's arrest pursuant to Va. Code § 19.2-72);

        iii. University of Virginia Police Officer E. Thompson (whose transcribed Reporting Officer Narrative Plaintiff included as Exhibit GPSJ H to the Motion for

Summary Judgment);

    iv. David Rother (a purported witness to the events of August 11, who has not previously been mentioned in any of Plaintiff's filings in this case, but whose declaration Plaintiff submitted as Exhibit GPSJ B to the Summary Judgment Motion);

    v. the Albemarle County Magistrate who issued the warrants against Plaintiff;

    vi. the Commonwealth's Attorney for Albemarle County, Robert Tracci, who is prosecuting the pending felony charges against Plaintiff, and who enhanced the charges against Plaintiff from "Illegal" Use of Gas to "Malicious" Use of Gas;

  **b.** To obtain copies of relevant documents from Plaintiff and other sources, including, without limitation: all audio and video recordings captured by Plaintiff's body camera at any point on August 11, which Plaintiff has identified as being in his custody and control on his blog as of May 3, 2018 (https://christophercantwell.com/2018/05/03/a-small-sample-of-what-i-gave-the-fbi/); all recorded jail calls made by Plaintiff during his initial pre-trial detention at the Albemarle County Regional Jail; any relevant documents that have been or will be produced by Plaintiff in another case pending before this court related to the events of August 11 and August 12, *Sines v. Kessler* (WDVA Case No. 3:17-cv-00072); and any documents or other evidence produced at Plaintiff's criminal trial.

  **c.** To conduct subsequent discovery on any relevant lines of inquiry uncovered in the course of the above-described discovery.

  **7.** For the reasons described herein, and in Defendants' Opposition to Plaintiff's Motion for Summary Judgment, counsel for Defendants believe the Motion for Summary Judgement to be procedurally improper and without reasonable basis in law or fact, and as such contend that it was filed in

3

violation of Rule 11.  On April 20, 2018, I emailed Mr. Woodard, Plaintiff's counsel, to advise him of this position, and to request that Plaintiff withdraw the motion.  A copy of this email is attached hereto as **Exhibit 1**.  Defendants have not received any response from Plaintiff's counsel to this email.

    **8.**  On p. 20 of the Motion for Summary Judgment, Plaintiff implies that Defendant Goad has made no effort to pursue criminal charges against another individual who pepper sprayed him on August 11, referred to as "Dragonarm".  Although I do not see how this is at all relevant to Plaintiff's claims against Defendants, it is also not true.  Defendants have identified the legal name of this person to be, on information and belief, Wil Zachary Smith.  Defendants have previously provided the identification of Smith to the appropriate authorities and are cooperating in that criminal investigation as requested by the Commonwealth's Attorney's Office.

    **9.**  On pp. 13 -15 of the Motion for Summary Judgment, Plaintiff reproduces several excerpts from the transcript of the preliminary hearing held in his pending criminal case, and then attaches as Exhibit GPSJ D only the pages from the transcript that he has quoted.  I found the inclusion of these pages without the context of the entire transcript to be confusing and misleading.  The full transcript from this hearing is attached to this Declaration as **Exhibit 2**.  Defendant Goad's complete testimony can be found at pp.  40 – 119 of the attached transcript.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on: May 4, 2018


    /**s**/*Pamela R. Starsia*_____
    Pamela R. Starsia