IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| Christopher Cantwell, ) | | |
|     Plaintiff, ) | | Civil Action No. 3:17Cv000089 |
| ) | | |
| v. ) | | Judge: Norman K. Moon |
| ) | | |
| ) | | |
| Emily Gorcenski et al. ) | | |
|     Defendant. ) | | |

# Memorandum in Support of the Motion to Strike

**I. Standard for and Evidence on Summary Judgment**

"A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett 477 U.S. 317, 322-23 (1986). The movant must present the basis for its motion and identify those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. "If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial." Blyden v. Clarke (W.D. Va., 2017) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986) "… the non-moving party "must set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Wilson v. Dollar Gen. Corp. (W.D. Va., 2014). "The court can only consider admissible evidence in ruling on a motion for summary judgment. See Fed. R. Civ. P. 56(e)." Johnson v. Kilgore (W.D. Va., 2012).

Rather than demonstrating the existence a genuine dispute as to any material fact, Defendant Goad provides declarations of one of its three attorneys, a transcript, and a photo. Since portions of this response do not comply with the Federal Rules, said response should be stricken.

**II. The Transcript is largely self-serving hearsay, and inadmissible on summary judgment.**

In its Opposition, Defendant Goad has submitted the transcript of the preliminary hearing in Albemarle County General District Court in the case of Com. v. Cantwell (hereinafter, the Transcript). All portions thereof other than the testimony of Mr. Cantwell are hearsay and may not be considered by the court.

Federal Rule of Evidence 801 provides:

The following definitions apply under this article:

**(a) Statement.** "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

**(b) Declarant.** "Declarant" means the person who made the statement.

**(c) Hearsay.** "Hearsay" means a statement that:
   **(1)** the declarant does not make while testifying at the *current* trial or hearing; and
   **(2)** a party offers in evidence to prove the truth of the matter asserted in the statement.
   [Emphasis added]

Since the transcript consists of the testimony of several people (besides Cantwell) making statements not made while testifying in the current trial or hearing, it meets the definition of hearsay. For it to be admissible, it must therefore meet the definition of one of the exceptions to the hearsay rule. Looking to Rule 804, Hearsay Exceptions, Declarant Unavailable, Defendant has submitted nothing to indicate to this court the Goad, Gorcenski, nor anyone else in the

Transcript is unavailable; accordingly, that rule cannot provide any exception. Looking through Rule 804, Declarant Immaterial, no exception applies, and indeed Defendant has not even claimed such. Accordingly, the transcript of all witnesses besides Cantwell is inadmissible hearsay, and should be stricken.

**III. A pending motion to amend does not preclude a motion for partial summary judgment based on the Complaint and Answer.**

Defendant also asserts that the Motion for partial Summary Judgment should be denied because a Motion to Amend is pending. Opp. P. 3-4. Defendant laments that it cannot divine whether the Partial Summary Judgment Motion is based on the Complaint or the (pending) Amended Complaint. However, looking to the two documents, the claims for malicious prosecution against Goad are substantially similar. Moreover, looking to the Partial Motion, it cites repeatedly to the Complaint and Answer, not the Amended Complaint. Indeed, on page 19 of its Opposition, Defendant itself cites to the "Original Complaint." Defendant's argument that it cannot divine which Complaint is referred to is disingenuous, and should be stricken.

**IV. Defendant's Rule 56(d) Motion is without merit.**

On pages 5 and 6 of their opposition, Defendant invokes Fed R. Civ. P. 56(d), which provides:

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.

In order to succeed on a Rule 56(d) motion, "[n]on-movants must generally file an affidavit or declaration . . . or . . . put the district court on notice as to which specific facts are yet to be discovered." (citation omitted) Kimbler v. Spear (W.D. Va., 2017).

While Defendant has filed an affidavit, it sets forth no "specific facts which are yet to be discovered, but merely Defendant's general discovery plan. It should be noted that much of the evidence in support of the Motion for Partial Summary Judgment comes from Goad's own statements in the Answer; rarely therein, if ever, does Goad deny a fact due to lack of knowledge. Nevertheless, the Starsia Declaration essentially claims that lack of (unspecified) knowledge should now prevent partial summary judgment. The Starsia Declaration merely states that defendant would like to depose six persons, four of whom were not even present at the incident. The declaration does not identify any specific facts sought in these depositions, nor explain why Defendant cannot obtain a declaration from any of these persons. The Declaration does not identify any documents sought at all, let alone any ones relevant to the Motion for Partial Summary Judgment. The Declaration does not attempt to explain what data from Cantwell's body cam "at any point on August 11" would create a genuine issue of material fact[1] as to something that occurred at about 10.00 at the Jefferson Monument. Cantwell's jail calls are not in his custody, but even if they were, the Declaration identifies no fact therein that is

---

[1] Cantwell has bodycam footage of the Wal Mart Hit Squad on August 11, 2017, which is not relevant to Goad's malicious prosecution of him. Cantwell also has footage of an evening meeting that day, which is also not relevant. Plaintiff will be happy to comply with a discovery request for this footage once a protective order is entered barring Defendants and their attorneys from improperly using the footage. See Amended Complaint, Para. 6e. Cantwell's body cam was lost at the Jefferson Monument, so he has no data from it after that.

relevant. The alleged discovery also seeks documents produced in another case (Sines v. Kessler), but again identifies no facts that are, or even might be, therein.

The Starsia Declaration also fails to explain why it has not procured the (unspecified) facts. Defendant was served on or about January 18, 2018, over three months ago, yet now claims that it cannot obtain any declarations from persons known to them, or even from its own self, to oppose the partial summary judgment. The Rule 56(d) motion should be stricken.

**Conclusion**

To the extent that Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment is not in compliance with the Federal Rules, it should be stricken.

From the tone and antics in Defendant's Opposition, counsel adverts that this Court may have to deal with a Stalingrad defense. See, e.g., General Motors Corp., In re, 110 F.3d 1003 (C.A.4 (S.C.), 1997).

                Christopher Charles Cantwell

_____

Elmer Woodard
Attorney at Law
5661 US Hwy 29
Blairs VA 24527
434-878-3422
VSB 27734
isuecrooks@comcast.net

CERTIFICATE OF SERVICE

  The undersigned, being an attorney duly licensed to practice law in the State of Virginia, does hereby certify that a copy of the foregoing was duly served upon the opposing counsel this date as follows:

    By personally hand delivering a copy the same to him or to one of his employees at his office;

    By fax transmission;

XXX   By electronic mail or the court's electronic means;

    By depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

    ADDRESSEE:

**Pam Starsia**

pamstarsia@starsialaw.com


  This Sunday, May 13, 2018.


*/s/ Elmer Woodard*