IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| Christopher Cantwell, ) | | |
|     Plaintiff, ) | Civil Action No. 3:17Cv000089 | |
| ) | | |
| v. ) | Judge: Norman K. Moon | |
| ) | | |
| ) | | |
| Emily Gorcenski et al. ) | | |
|     Defendant. ) | | |

## Reply to Opposition to Motion for Partial Summary Judgment

"A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett 477 U.S. 317, 322-23 (1986). The movant must present the basis for its motion and identify those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. "If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine issue of fact for trial." Blyden v. Clarke (W.D. Va., 2017) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986) "… the non-moving party "must set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" Wilson v. Dollar Gen. Corp. (W.D. Va., 2014).

Defendant Goad has not provided facts, admissible into evidence, showing a genuine issue of material fact, and accordingly has essentially conceded this half of the Celotex statement above. Defendant seeks to assert that summary judgment is not proper by erroneously asserting that the prosecution has not terminated, and that statements in some other case somehow prove that probable cause existed as a matter of law in the dismissed and ended Goad warrant case. The Virginia Supreme Court has already ruled against the Defendant on both issues. .

**I. Under Virginia law, the dismissal of Goad's warrant by the Albemarle General District Court terminated that prosecution in a manner not unfavorable to Cantwell.**

As set forth in the Motion for Partial Summary Judgment, the Albemarle General District Court dismissed the Goad warrant, thus terminating that prosecution. The Virginia Supreme Court reviewed the termination requirement in Graves v. Scott, 104 Va. 372, 51 S.E. 2d 821 (Va. 1905.) The facts were that prosecutors[1] claimed that Graves had defrauded them out of goods and chattels. Graves was arrested and recognized to appear at the trial. At the trial, Commonwealth did not put on any evidence, and the justice of the peace dismissed the warrant. In the ensuing malicious prosecution action, defendants demurred, claiming that a malicious prosecution action did not lie because the warrant had been dismissed by the justice of the peace, instead of an acquittal by a jury.

The Virginia Supreme Court disagreed. "In the note to Ross v. Hixon (Kan.) 26 Am. St Rep. 123, by Freeman, it is said that "the prosecution on which the action is based must have

---

[1] Under previous version of Virginia law, a citizen could bring a warrant before a justice of the peace; the Commonwealth's Attorney was not required. With subsequent changed to Virginia criminal procedure, a citizen now may take out a warrant before a magistrate, and the Commonwealth's Attorney usually becomes involved. It should be noted that Goad took out the warrant before the magistrate in this case, not any law enforcement officer. See Complaint, Para. 62-64.

terminated without resulting in the conviction of the plaintiff. It is sometimes said that it must have terminated in his acquittal, but this is not true. A trial on the merits or otherwise is not essential. It is sufficient that the prosecution has ended, so that it cannot be reinstated nor further maintained without commencing a new proceeding; but it must have terminated in some of the several modes in which it is possible for a criminal proceeding to reach a stage beyond which the accused cannot be further prosecuted therein"—citing <u>Casebeer v. Drahoble, 13 Neb. 465</u>, <u>14 N. W. 397</u>; <u>McWilliams v. Hoban, 42 Md. 56</u>; <u>Blalock v. Randall, 76 Ill. 224</u>; <u>Gillespie v. Hudson, 11 Kan. 163</u>; <u>Schippel v. Norton, 38 Kan. 567</u>, <u>16 Pac. 804</u>. Further discussing the question, he speaks of a discharge by a committing magistrate, and says that "If the examining magistrate finds that there is not sufficient cause to hold the accused to answer, and therefore discharges him, that prosecution is thereby ended; and the consideration that other prosecutions may be brought against the same person on the same charge, and that the grand jury, on its presentation to them, may find an indictment thereon, ***<u>cannot prevent the action of the magistrate from having its effect as a termination of the prosecution before him, sufficient to support the civil action</u>***." The Supreme Court found this reasoning to be persuasive. "We shall content ourselves with adding to the authorities adduced the statement of the law as given in 19 Am. Eng. Encyc. of Law, p. 681: "That a prosecution may be regarded as terminated when it has been disposed of in such a manner that it cannot be revived, so that the prosecutor, if he intends to proceed further, must institute proceedings de novo." [Emphasis added]

In this matter, the Albemarle General District Court dismissed Goad's warrant as without probable cause, and the Commonwealth could not revive it. Complaint Exhibit J. To further prosecute Cantwell on Goad's allegations, the Commonwealth would have to do so in

*proceedings de novo* in a different case, such as an indictment.[2] Even if it did so, the prosecution on Goad's warrant in Albemarle County General District Court had **still** terminated, and thereby was disposed of in a manner that it could not be revived, in a manner not unfavorable to Cantwell. Defendant's argument is without merit, and summary judgment on this issue is proper.

**II. Under Virginia law, the Albemarle General District Court's dismissal of the Goad warrant is *prima facia* evidence of the lack of probable cause.**

Not only is the dismissal of the Goad warrant evidence that the prosecution has terminated, but it is also *prima facia* evidence that Goad had no probable cause. In <u>Barton v. Camden</u>, 147 Va. 263, 137 S.E. 465 (Va., 1927), Camden swore out a warrant alleging that Barton was illegally storing ardent spirits. The justice of the peace dismissed the warrant. In the ensuing malicious prosecution action, the court instructed the jury that the dismissal of the warrant was *prima facia* evidence that there was no probable cause for the warrant. The Virginia Supreme Court found the instruction proper in Barton's case, but clarified that it might not be proper in all cases:

> Another assignment of error raises a question about which a casual reading of the cases in this jurisdiction and elsewhere there may have been some confusion of statement.
>
> In this case, the first instruction for the plaintiff contained the statement that the discharge of the plaintiff on the hearing before the justice is of itself prima facie evidence that the warrant was sworn out without probable cause. This is held in <u>Jones v. Finch, 84 Va. 204</u>, <u>4 S. E. 342</u>, and many other cases could be cited in support of that rule.
>
> In contrast with that is the line of cases of which <u>Saunders v. Baldwin, 112 Va. 431</u>, <u>71 S. E. 620</u>, 34 L. R. A. (N. S.) 958, Ann. Cas. 1913B, 1049, is typical. It is said there:

---

[2] Cantwell indeed was later indicted in the Albemarle Circuit Court for malicious release of gas based on the testimony of Sgt. Acord.

"In an action for malicious prosecution, the acquittal of the accused is not evidence of the want of probable cause, but such evidence is admissible to show that the prosecution has terminated."

And Buchanan, J., there says:

"The general rule is that the acquittal of the accused is not evidence of a want of probable cause. Such evidence is admissible merely to show that the prosecution has terminated."

The difference is this: When a justice of the peace, having no authority to try the case, but merely to examine into the facts in order to determine whether the accused shall be discharged or sent on to the grand jury for indictment, concludes to discharge the prisoner, this discharge is prima facie evidence of the want of probable cause. On the contrary, if either a justice of the peace or a court having jurisdiction tries a case, and the accused is acquitted, then the rule is that the acquittal cannot be shown, as evidence of the want of probable cause, but is merely introduced to show that the prosecution has terminated.

Since Goad's warrant was dismissed by the Albemarle General District Court, under Barton, it is *prima facia* evidence that Goad lacked probable cause when he, Goad, claimed "that "Cantwell used a gel mase [sic] pepper spray at my face and cause [sic] me to lose my vision temporarily [sic]"  Defendant has provided no facts, admissible in evidence, to rebut this presumption. As Defendant now admits, whether probable cause existed is determined as of the time when the action complained of was taken. Reilly v. Shepherd, 273 Va. 728, 733, 643 S.E. 2d 216, 219 (2007).  The fact that Goad did not mention the Beanyman nor Undersleeves sprays when he took out the "Cantwell sprayed me in my eyes" warrant, this is excellent evidence that at the time even Goad did not consider the Beanyman nor Undersleeves sprays as constituting probable cause.  Complaint Exhibit J.  Defendant has not submitted any facts admissible in evidence to rebut the presumption raised by the dismissal that no probable cause existed.  Summary judgment on this issue is therefore proper.

**IIII. Magistrates, warrants, police reports, Commonwealth's Attorneys, nor state court judges are not proof of the existence of probable cause.**

Defendant asserts that "The Albemarle County Magistrate, Sgt. Acord of the UVA Police Department, the Commonwealth's Attorney for Albemarle County, and the Hon. Judge Higgins of the Albemarle County Circuit Court have each independently determined that probable case existed to arrest… Opposition, p. 9[3].  Apparently these refer to some proceeding other than the one terminated and unable to be revived that is the basis of the malicious prosecution claims.

In any event, the Virginia Supreme Court has found that this argument is without merit not once, but twice. In <u>Clinchfield Coal Corp. v. Redd</u>, 96 S.E. 836 (Va., 1918), the defendant made the exact same argument; that probable cause existed because the magistrate said so. The Virginia Supreme Court opined:

It is further insisted by defendant's counsel that the fact that the magistrate issued the warrant was in itself "prima facie evidence, if not conclusive proof, of probable cause." That it is not conclusive proof follows from the very existence of the law permitting actions for malicious prosecution. There can be no such action until there has first been some sort of process against the plaintiff, and if the issuance of a warrant or the finding of an indictment constituted conclusive proof of probable cause, there could never be a recovery in a suit for malicious prosecution based upon a criminal prosecution. Whether the issuance of the warrant constitutes prima facie evidence of probable cause is an immaterial question, since the burden is always on the plaintiff to negative the existence of such cause, and the jury was so instructed in this case. The provisions of section 3955 of the Code, cited and relied on by defendant, giving a certain discretion to magistrates in the issuance of warrants in criminal cases, do not add anything to the general law of evidence in suits of this character."

---

[3] Defendant point to no evidence whatsoever that the Hon. Judge Higgins has "independently determined that probable cause existed." Plaintiff asks that such false assertions be stricken, and points out that the Hon. Judge Barkley, who has actually heard Goads stories (see Transcript) determined that none existed, and that Goad, the magistrate, Sgt. Acord, and the Albemarle County Commonwealth's Attorney were all wrong.

This holding was upheld in <u>Niese v. Klos</u>, 216 Va. 701, 222 S.E.2d 798 (Va., 1976). Once again, the defendant asserted that the issuance of the warrant showed the existence of probable cause. Citing <u>Clinchfield Coal</u>, the Virginia Supreme Court reiterated:

> There is no merit in defendant's assertion on demurrer that issuance of the arrest warrant permitted the inference that probable cause had been judicially determined so as to bar the malicious prosecution action. In Clinchfield Coal Corp. v. Redd, supra, 123 Va. at 443, 96 S.E. at 843, we rejected a similar contention. There we said that issuance of the warrant does not conclusively prove probable cause because of the very existence of the law permitting malicious prosecution actions, and the question whether issuance of the warrant is prima facie evidence is immaterial because 'the burden is always on the plaintiff to negative the existence' of probable cause.

As set forth in the Motion for Partial Summary Judgment, Goad had no probable cause to believe that that "Cantwell used a gel mase [sic] pepper spray at my face and cause [sic] me to lose my vision temporarily [sic]…" Defendant's argument is without merit, and summary judgment is proper on this issue.

## Conclusion

Defendant has provided no facts, admissible in evidence, showing the existence of a genuine issue of material fact, nor has it provided any meritorious argument that the dismissed and ended Goad warrant proceeding has not terminated, nor that probable cause existed.

Christopher Charles Cantwell

/s/ Elmer Woodard

Elmer Woodard
Attorney at Law
5661 US Hwy 29
Blairs VA 24527
434-878-3422
VSB 27734
isuecrooks@comcast.net

CERTIFICATE OF SERVICE

 The undersigned, being an attorney duly licensed to practice law in the State of Virginia, does hereby certify that a copy of the foregoing was duly served upon the opposing counsel this date as follows:

  By personally hand delivering a copy the same to him or to one of his employees at his office;

 By fax transmission;

XXX  By electronic mail or the court's electronic means;

  By depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

  ADDRESSEE:

**Pam Starsia**

pamstarsia@starsialaw.com


 This Sunday, May 13, 2018.


*/s/ Elmer Woodard*