CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/15/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER CANTWELL, <br><br> *Plaintiff/Counterclaim defendant*, <br><br> v. <br><br> EMILY GORCENSKI AND KRISTOPHER GOAD, <br><br> *Defendants/Counterclaim plaintiffs.* | CASE NO. 3:17-cv-00089 <br><br> ORDER <br><br> JUDGE NORMAN K. MOON |

The plaintiff in this case has filed four motions: (1) a motion to dismiss the original counterclaim; (2) a motion to amend the original complaint; (3) a motion to dismiss the amended counterclaim; and (4) a motion for affirmative summary judgment on his malicious prosecution claim. This Order concerns only the former two motions.

The motion to dismiss the original counterclaim (dkt. 12) is **DENIED as moot** because the defendants properly filed an amended counterclaim. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."); *Chandler v. Cheesecake Factory Restaurants, Inc.*, 239 F.R.D. 432, 440 n.5 (M.D.N.C. 2006) ("It is black letter law that when the parties amend the pleadings, the amended pleadings supersede the original pleadings; thus a motion to dismiss directed at a pleading that is no longer operative becomes moot.").

The motion to amend the complaint (dkt. 22) is **DENIED**, but without prejudice. As the Supreme Court's *Twombly* and *Iqbal* decisions emphasized, Rule 8 requires a "short and plain" statement of the claims and that "[e]ach allegation must be simple, concise, and direct." The proposed amendment fails those requirements: It balloons from a 16-page initial complaint to an

88-page proposed amendment.  The proposed amendment also includes unnumbered paragraphs and several run-on paragraphs, as well as some pictures of marginal relevance to the core of the legal claims, *see*, *e.g.*, dkt. 22-1 at ECF 1, 8, 10–17, 32–33, 68, all of which contravenes Rule 10's admonition that a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  And for reasons that are unclear, entire pages of the proposed amendment are underlined.  *E.g.*, dkt. 22-1 at ECF 20–37.  On the other hand, leave to amend a pleading should be freely given when justice requires.  Fed. R. Civ. P. 15(a)(2).  The proposed amendment does seek to add new facts and three additional claims, and the motion was timely filed in the early stages of this still relatively young case, thus lessening the risk of prejudice to the defendants.  And although the defendants object that the proposed amendment is futile and accuse the plaintiff of bad faith, these arguments are better analyzed after the plaintiff first offers an amendment that satisfies basic pleading requirements. Accordingly, the plaintiff may file a renewed motion for leave to amend within 14 days of this order, attaching to the motion his proposed amendment that comports with Rules 8 and 10. Finally, counsel for all parties are reminded of their duty of professionalism and respect. Adjectival remarks, conclusory assertions, or talismanic attacks—such as labeling a position "preposterous" or "wholly nonsensical" or "entirely untethered to reality" or "permeated with intellectual dishonesty"—do little to advance the legal analysis necessary to decide the issues in a case.

    Entered this 15th day of May, 2018.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

– 2 –