UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF VIRGINIA, CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Christopher Cantwell | ) |
| *Plaintiff/Counter Defendant* | ) |
| | ) |
| v. | ) Case No. 3:17-CV-00089 (NKM/JCH) |
| | ) |
| Emily Gorcenski, | ) |
| Kristopher Goad, | ) |
| *Defendants/Counter Claimants* | ) |

**OPPOSITION OF DEFENDANTS TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Emily Gorcenski and Kristopher Goad (collectively "Defendants") hereby submit, by counsel, this Opposition to Plaintiff Christopher Cantwell's ("Plaintiff's") Motion to Strike (ECF Nos. 38, 39) portions of their Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 37). Plaintiff has set forth no legal basis upon which this motion should be granted. The Motion to Strike represents yet another instance in which Plaintiff, by counsel, has unreasonably and improperly multiplied the proceedings in this case. The Court should deny the Motion to Strike in its entirety, and award Defendants their reasonable costs and attorneys' fees incurred in responding to the motion pursuant to Fed. R. Civ. P. 11(c) and/or 28 U.S. Code § 1927.

**PROCEDURAL HISTORY**

Plaintiff filed a Motion for Partial Summary Judgment against Defendant Goad n April 20, 2018 (the "Summary Judgment Motion")(ECF Nos. 32, 33). Defendants timely filed their brief in Opposition to the Summary Judgment Motion (ECF No. 37, "Defendants' Opposition") on May 4, as required by Local Rule 11(c)(1). Plaintiff filed a rebuttal brief (ECF No. 40) to Defendants' Opposition on May 13, two days after the deadline for such rebuttal pursuant to Local Rule 11(c)(1), which deadline has not been extended by the Court. On the same day, May 13, Plaintiff also filed a Motion to Strike Defendants' Opposition (ECF Nos. 38, 39).

## LEGAL STANDARD

Although Plaintiff does not cite to the rule or any applicable legal standard for granting a motion to strike, the rule applicable to a motion to strike is Fed. R. Civ. P. 12(f), which authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." By definition, a "pleading" is only one of the seven documents enumerated in Fed. R. Civ. P. 7(a).[1] "Only material included in a 'pleading' may be subject to a Rule 12(f) motion to strike; a party may not attack motions, briefs, memoranda, objections, and affidavits with this motion." *Warren v. Tri Tech Labs., Inc.,* No. 6:12-CV-00046, 2013 WL 6147680, at *3 (W.D. Va. Nov. 22, 2013)(Moon, D.J.). Further, although not the case here, when properly submitted to strike portions of a *pleading*:

> Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.' " *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Stated succinctly, "[s]uch motions are what give 'motions practice' a deservedly bad name." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (Posner, J.).

*Spencer v. Virginia State Univ.*, No. 3:16CV331-HEH, 2016 WL 6902401, at *2 (E.D. Va. Nov. 23, 2016)(internal secondary source citations omitted).

## ARGUMENT

**I.    *Defendants' Opposition to the Motion to Strike is Not a "Pleading" Susceptible to a Motion to Strike under Rule 12(f).***

As noted above, the rule in the Western District of Virginia is that Rule 12(f) applies only to the seven types of "pleadings" enumerated in Rule 7(a). *See Warren*, No. 6:12-CV-00046, 2013 WL 6147680, at *3 (W.D. Va. Nov. 22, 2013). This is the case even where, as here, the movant

---

[1] Under Rule 7(a) "Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."

has simply styled the motion as a "motion to strike", without specifically invoking Rule 12(f) or any other legal authority for the motion. *See, id*. Defendants' Opposition to the Summary Judgment Motion is not a "pleading" under Rule 7(a)—it is a responsive filing to a motion under Rule 7(b). As such, it is not subject to a motion to strike under Rule 12(f). Rather, the Court will properly consider (or not consider) the arguments raised in Defendants' Opposition in the process of ruling on Plaintiff's Summary Judgment Motion. Because Defendants' Opposition is not even susceptible to a motion to strike, Plaintiff's present motion is precisely the type of dilatory motion practice under Rule 12(f) that the courts have resoundingly condemned. *See*, *e.g.*, *Waste Mgmt. Holdings,* 252 F.3d at 347 (4th Cir. 2001). For this reason alone, the Court should deny Plaintiff's motion to strike.

**II.** *The Motion to Strike Improperly Functions as a Substantive Supplement to Plaintiff's Late-Filed Rebuttal to Defendants' Opposition.*

Plaintiff's Motion to Strike does not make any argument that Defendants' Opposition contains any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" that would be susceptible to a Rule 12(f) motion. Rather, the Motion to Strike consists of arguments that are substantively responsive to Defendants' Opposition, and would have properly been included in Plaintiff's late-filed rebuttal. It is unclear why these substantive arguments in support of Plaintiff's Summary Judgment Motion were not simply included in the rebuttal. To the extent that these substantive arguments were included in the Motion to Strike in an effort to remediate any negative consequences of Plaintiff's failure to timely file his rebuttal or request an extension within the time set by Local Rule 11(c), such purpose would plainly be improper. Even if Plaintiff was not motivated by such improper purpose, the filing of a separate motion to strike rather than including these arguments in a properly-filed rebuttal is clearly dilatory and serves to unnecessarily multiply the proceedings in this case.

### III. *Plaintiff's Argument that the Preliminary Hearing Transcript is Inadmissible Hearsay is Frivolous, and Further Evidences the Motion's Dilatory Purpose.*

In addition to the impropriety of motion in its entirety, as outlined above, the portion of Plaintiff's Motion to Strike seeking to strike the transcript from the preliminary hearing in Plaintiff's criminal case (*see* Plaintiff's Motion to Strike, pp. 2 – 3) is not well-grounded in law on its face. In fact, this argument is so directly contradicted by well-settled law that it serves only as further evidence of the motion's improper purpose. Defendants submitted the full transcript in their Opposition because *Plaintiff* had already introduced scattered excerpts from the transcript into the record in his Summary Judgment Motion and various other places in the record. *See, e.g.,* Summary Judgment Motion, at Ex. D (ECF No. 33-4 (submitting 13 non-sequential pages from the transcript into the record)); Proposed Amended Complaint (ECF No. 33-1), at ¶¶ 46, 75, 163 – 84 (quoting and characterizing numerous excerpts from portions of the transcript, including the testimony of three different witnesses and the court's bench ruling); Complaint (ECF No. 1) at ¶¶ 74 -95 (quoting and characterizing numerous excerpts from portions of the transcript, including the testimony of both Defendants, and the court's bench ruling); Plaintiff's Reply to Defendants' Opposition to the Summary Judgment Motion (ECF No. 40, filed the same day as the Motion to Strike), at p. 6, fn. 3 (citing to the transcript).

In light of Plaintiff's introduction of numerous selected and scattered excerpts from the transcript, the full document is clearly admissible pursuant to Fed. R. Ev. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.").

Further, Plaintiff, in his motion to strike, quotes Fed. R. Ev. 801(a) – (c) in an attempt to characterize the transcript as hearsay that does not fall within an exception. However, Plaintiff

cuts off his quotation just short of quoting the sequential Fed. R. Ev. 801(d), which defines statements that are *not* hearsay.  In this case, the transcript would also plainly be admissible as non-hearsay to rehabilitate the credibility of both Defendants Goad and Gorcenski – whose credibility Plaintiff has repeatedly attacked – under Fed. R. Ev. 801(d)(1).  This stark omission is materially misleading, and further substantiates Defendants' suspicion that the Motion to Strike is dilatory and motivated by improper purpose.

### IV. *Defendants are Unsure Whether They Can or Should Properly Respond to the Remaining Substantive Arguments in the Motion to Strike.*

As noted above, the Motion to Strike functions as a substantive supplement to Plaintiff's late-filed rebuttal, and serves largely as an attempt to bolster his arguments in support of his Summary Judgment Motion.  In light of this unusual procedural posture, Defendants are unsure of whether they properly can or should respond to the substance of the arguments Plaintiff has raised in the Motion to Strike, or whether such additional response would functionally serve as an impermissible "further brief" on the Summary Judgment Motion, in contravention of Local Rule 11(c)(1).  In keeping with the spirit of that rule, and because they do not believe it necessary for the Court to resolve the Motion to Strike in their favor, Defendants refrain here from responding to the substantive arguments raised in the Motion to Strike.  However, if the Court determines that further response from Defendants would be necessary or useful to its determination of either the Motion to Strike or the Summary Judgment Motion, Defendants will promptly provide such additional briefing at the Court's request.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Strike, award Defendants their reasonable costs and attorneys' fees incurred in

responding to such motion pursuant to Fed. R. Civ. P. 11(c) and/or 28 U.S. Code § 1927, and grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of May, 2018.

        EMILY GORCENSKI
        KRISTOPHER GOAD
        By Counsel

        /s/ *Sandra Freeman*
        Sandra C. Freeman, Esq.
        Virginia State Bar No. 78499
        5023 W. 120th Avenue, #280
        Broomfield, Colorado 80020
        sandra.c.freeman@protonmail.com
        720-593-9004

        /s/ *Pamela Starsia*
        Pamela Starsia, Esq.
        Virginia State Bar No. 88657
        1801 E. 51st Street, Suite 365-472
        Austin, TX 78723
        pamstarsia@starsialaw.com
        Tel: 434-260-0603
        Fax: 434-237-0730

        /s/ *Moira Meltzer-Cohen*
        Moira Meltzer-Cohen, Esq.
        Admitted Pro Hac Vice
        277 Broadway, Suite 1501
        New York, New York 10007
        meltzercohen@gmail.com
        718-450-3035

        *Counsel for Defendants Emily Gorcenski*
        *and Kristopher Goad*

CERTIFICATE OF SERVICE

I, Pamela Starsia, hereby certify that on May 26, 2018, I electronically filed the foregoing Defendants' Opposition to Plaintiff's Motion to Strike, with the Clerk of the Court for the United States District Court for the Western District of Virginia by using the CM/ECF system. I certify that counsel for all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 26, 2018.

/s/ *Pamela Starsia*
Pamela Starsia