IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| Christopher Cantwell, ) | | |
|     Plaintiff, ) | | Civil Action No. 3:17Cv000089 |
| ) | | |
| v. ) | | Judge: Norman K. Moon |
| ) | | |
| ) | | |
| Emily Gorcenski et al. ) | | |
|     Defendant. ) | | |

## *Memorandum in Support of Plaintiff's Second Motion to Amend.*

    This court reviewed amending the complaint in <u>Nzabandora v. Univ. of Va. Health Sys.</u> (W.D. Va., 2017)(Amending an Answer) but more on point in <u>Travers v. Rappahannock Rapidan Cmty. Servs</u>. (W.D. Va., 2014), where the Plaintiff sought to amend its Complaint.

    Rule 15(a) of the Federal Rules of Civil Procedure provides that, once a responsive pleading has been served, a plaintiff must seek leave of court in order to amend his complaint. <u>See</u> Fed. R. Civ. P. 15(a). Although the decision regarding whether to allow a plaintiff to amend "rests within the sound discretion of the district court," <u>Medisen of Kentucky, Inc. v. Pub. Serv. Comm'n, 985 F.2d 164</u>, 167 (4th Cir. 1993), Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." <u>Foman v. Davis, 371 U.S. 178</u>, 182 (1962). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." <u>Johnson v. Oroweat Foods Co., 785 F.2d 503</u>, 509 (4th Cir. 1986)

(citing Foman, 371 U.S. at 182). "Delay alone...is an insufficient reason to deny the plaintiff's motion to amend." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)

"An amendment is not prejudicial...if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

Under Rule 15, "[l]eave to amend...should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. A proposed amended complaint must contain numerous specific factual allegations that go beyond "threadbare recitals of the elements of [each] cause of action" set forth therein. Ashcroft v. Iqbal 556 U.S. 662, 678 (2009).

In this matter, the Amended Complaint is not prejudicial to the Defendant's preparation of its case. It adds two theories of recovery, Stalking and Conspiracy to Violate Civil Rights, and the Virginia Civil Rights claim, based primarily on facts that have in the main already been plead, to wit, the Wal Mart meet up and the torchlight march. The facts of these events are merely amplified to support these two new claims; the only new body of facts is Gorcenski's continued stalking of Cantwell on August 12 and a few instances after that, many after the filing of the Complaint, all of which were already known to Defendants. Discovery in this matter has not yet even started. Thus, amendment will not prejudice the Defendants in the preparation of their case. The Amended Complaint contains a host of specific factual allegations, many admissions of the Defendants, to support the new causes of action, such that it is not insufficient on its face. The motion to amend should be granted.

/s/ Elmer Woodard
_____

Elmer Woodard
Attorney at Law
5661 US Hwy 29
Blairs VA 24527
434-878-3422
VSB 27734
isuecrooks@comcast.net

CERTIFICATE OF SERVICE

The undersigned, being an attorney duly licensed to practice law in the State of Virginia, does hereby certify that a copy of the foregoing was duly served upon the opposing counsel this date as follows:

        By personally hand delivering a copy the same to him or to one of his employees at his office;

        By fax transmission;

XXX        By electronic mail or the court's electronic means;

        By depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

        ADDRESSEE:
Sandra C. Freeman, Esq.
Virginia State Bar No. 78499
5023 W. 120th Avenue, #280
Broomfield, Colorado 80020
sandra.c.freeman@protonmail.com 720-593-9004

This Wednesday, May 30, 2018.

*Elmer Woodard*